GIBSON, DUNN & CRUTCHER LLP
Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Casey J. McCracken, SBN 271202
  cmccracken@gibsondunn.com
333 S. Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

Attorneys for Plaintiff,
Advanced Steel Recovery, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>X-BODY EQUIPMENT, INC., PALADIN BRANDS GROUP, INC., and JEWELL ATTACHMENTS, LLC,<br><br>Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Advanced Steel Recovery, LLC ("ASR"), for its complaint against X-Body Equipment, Inc., Paladin Brands Group, Inc., and Jewell Attachments, LLC (collectively "Defendants"), alleges as follows:

### PARTIES

1.   Plaintiff Advanced Steel Recovery, LLC ("ASR") is a California limited liability company that maintains its principal place of business at 14451 Whittram Ave., Fontana, California 92335.

2.   ASR is the owner of all right, title and interest in United States Patent No. 8,061,950 ("the '950 patent") entitled "Container Packer System And Method," which duly and legally issued on November 22, 2011.  The '950 patent is presumed to be and is valid and enforceable.  A copy of

the '950 patent is attached hereto as Exhibit A.

3. Defendant X-Body Equipment, Inc. ("X-Body") is a California corporation that maintains its principal place of business at 4804 Granite Dr. Bldg. F-3 Suite #293, Rocklin, California 95677.

4. Defendant Paladin Brands Group, Inc. is a Delaware corporation that maintains its principal place of business at 5825 Council St. N.E., Cedar Rapids, Iowa 52402.  Upon information and belief, Paladin Brands Group, Inc. is a parent of and/or affiliated with Jewell Attachments, LLC.

5. Defendant Jewell Attachments, LLC is a Delaware limited liability company that maintains its principal place of business at 5825 Council St. N.E., Cedar Rapids, Iowa 52402.  Upon information and belief, Jewell Attachments, LLC is a subsidiary of and/or affiliated with Paladin Brands Group, Inc.  Paladin Brands Group, Inc. and Jewell Attachments, LLC are hereinafter collectively referred to as "the Paladin Entities."

**JURISDICTION**

6. This is an action for patent infringement under 35 U.S.C. § 271 et seq.  This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction exists generally over X-Body because X-Body resides in and maintains its principal place of business in the State of California and this district.  Additionally, X-Body has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271 in this forum and places infringing products into the stream of commerce, with the knowledge or understanding that such products are used in the State of California, including in this District.

8. Personal jurisdiction exists generally over the Paladin Entities because they have committed and continue to commit acts of infringement in violation of 35 U.S.C. § 271 in this forum and place infringing products into the stream of commerce, with the knowledge or understanding that such products are used or sold in the State of California, including in this District.  Additionally, the Paladin entities have conducted commercial business in this forum by entering into an ongoing contractual or business relationship with X-Body in this district, whereby the Paladin Entities manufacture, use, sell, and/or offer to sell products that infringe the '950 patent for X-Body, to X-Body or on X-Body's behalf.

9. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNT ONE

### (INFRINGEMMENT AGAINST X-BODY)

10. ASR incorporates and realleges paragraphs 1 through 9 of this Complaint.

11. X-Body has infringed and continues to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '950 patent by making, using, selling, and/or offering to sell in the United States and/or importing into the United States, without authority or license from ASR, infringing container packer systems, including the Acculoader container loader.

12. Upon information and belief, X-Body has had knowledge of the '950 patent through its participation in the container packing and loading industry. Upon information and belief, X-Body has been and is infringing the '950 patent despite an objectively high likelihood that its actions constitute infringement of the '950 patent. Thus, X-Body's infringement of the '950 patent has been and is willful.

13. Upon information and belief, X-Body has entered into and continues to enter into a contractual or business relationship with the Paladin Entities whereby the Paladin Entities manufacture, sell, offer to sell and/or import infringing container packer systems, including the Acculoader container packer system, at X-Body's direction and/or on its behalf, and/or sell or offer to sell such infringing products to X-Body. X-Body in turn uses, sells or offers to sell infringing container packer systems, including the Acculoader product, manufactured or imported on its behalf by the Paladin Entities.

14. X-Body has been and is contributing to the infringement of the '950 patent by others in this district and the United States by selling, offering to sell, an/or importing into the United States infringing container packer systems, and components thereof, including the Acculoader product and its components. The direct infringement occurs by the activities of, at least, X-Body's customers. X-Body was willfully blind, knew, or should have known that its infringing container packer systems, including the Acculoader container loader, and the components thereof, were especially made and/or specifically adapted for use in infringing the '950 patent and are not staple articles suitable for

substantial non-infringing use.

15. X-Body has induced and is inducing infringement of the '950 patent by, at least, its customers by selling and offering to sell its infringing container packer systems, including the Acculoader container loader, and by intentionally, knowingly, and actively providing advertising materials, instructions, and directions regarding their use to practice the inventions of the '950 patent. X-Body was willfully blind, knew, or should have known that its acts were and are inducing infringement.

16. Upon information and belief, X-Body has induced and is inducing infringement of the '950 patent by the Paladin Entities by entering into a business or contractual relationship with the Paladin Entities whereby X-Body actively induced, directed, and encouraged the Paladin Entities to commit direct infringement of the '950 patent by manufacturing, using, selling, offering to sell, and/or importing into the United States infringing container packer systems, including the Acculoader container loader, at X-Body's direction and for X-Body's benefit.

17. ASR has sustained damages as a direct and proximate result of X-Body's infringement of the '950 patent.

18. ASR will suffer and is suffering irreparable harm from X-Body's infringement of the '950 patent. Unless enjoined, X-Body will continue to infringe the '950 patent.

**COUNT TWO**

**(INFRINGEMMENT AGAINST THE PALADIN ENTITIES)**

19. ASR incorporates and realleges paragraphs 1 through 18 of this Complaint.

20. The Paladin Entities have infringed and continue to infringe, directly and indirectly through contributory and/or induced infringement, one or more claims of the '950 patent by making, using, selling, and/or offering to sell in the United States and/or importing into the United States, without authority or license from ASR, infringing container packer systems, including the Acculoader container loader.

21. Upon information and belief, the Paladin Entities have had knowledge of the '950 patent through their participation in the container packing and loading industry. Upon information and belief, the Paladin Entities have been and are infringing the '950 patent despite an objectively

high likelihood that their actions constitute infringement of the '950 patent.  Thus, the Paladin Entities' infringement of the '950 patent has been and is willful.

22.  Upon information and belief, the Paladin Entities have entered into and continue to enter into an ongoing contractual or business relationship with X-Body whereby the Paladin Entities manufacture, sell, offer to sell and/or import infringing container packer systems, including the Acculoader container loader, at X-Body's direction and/or on its behalf, and/or sell or offer to sell such infringing products to X-Body.  X-Body in turn uses, sells or offers to sell infringing container packer systems, including the Acculoader product, manufactured or imported on its behalf by the Paladin Entities.

23.  The Paladin Entities have been and are contributing to the infringement of the '950 patent by others in this district and the United States by selling, offering to sell, or importing into the United States infringing container packer systems, and components thereof, including the Acculoader product and its components.  The direct infringement occurs by the activities of, at least, the Paladin Entities' customers.  The Paladin Entities were willfully blind, knew, or should have known that their infringing container packer systems, including the Acculoader container loader, and the components thereof, were especially made and/or specifically adapted for use in infringing the '950 patent and are not staple articles suitable for substantial non-infringing use.

24.  The Paladin Entities have induced and are inducing infringement of the '950 patent by, at least, their customers by selling and offering to sell their infringing container packer systems, including the Acculoader container loader, inducing others to practice the inventions of the '950 patent.  The Paladin Entities were willfully blind, knew, or should have known that their acts were and are inducing infringement.

25.  Upon information and belief, the Paladin Entities have induced and are inducing infringement of the '950 patent by X-Body by entering into an ongoing business or contractual relationship with X-Body whereby the Paladin Entities actively induce and encourage X-body to directly infringe the '950 patent by using, selling, and/or offering to sell infringing container packer systems, including the Acculoader container loader, knowing that such acts constitute infringement.

26.  ASR has sustained damages as a direct and proximate result of the Paladin Entities'

infringement of the '950 patent.

27.  ASR will suffer and is suffering irreparable harm from the Paladin Entities' infringement of the '950 patent.  Unless enjoined, the Paladin Entities will continue to infringe the '950 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ASR respectfully requests that this Court enter judgment against each of Defendants as follows:

A. That each of Defendants has infringed, contributorily infringed, and/or induced infringement of the '950 patent;

B. That each of the Defendants' infringement, contributory infringement, and/or induced infringement of the '950 patent has been and is willful;

C. An injunction entered against each Defendant preventing further infringement, contributory infringement, and/or induced infringement of the '950 patent;

D. An award of damages entered against each Defendant adequate to compensate ASR for the patent infringement that has occurred, together with pre-judgment interest and costs;

E. An award of all other damages entered against each Defendant permitted by 35 U.S.C. § 284, including increased damages up to three times the amount of compensatory damages found for infringement of the '950 patent;

F. That this is an exceptional case and an award to ASR of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

G. Such other relief as this Court deems just and proper.

///
///
///
///
///
///
///

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, ASR hereby demands trial by jury on all issues triable to a jury.

Dated: April 16, 2012

                                    GIBSON, DUNN & CRUTCHER LLP
                                    WAYNE BARSKY
                                    CASEY J. MCCRACKEN

                              By:   /s/ Casey McCracken
                                        Casey J. McCracken

                              Attorneys for Plaintiff,
                              ADVANCED STEEL RECOVERY, LLC

101269586.3