IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADVANCED STEEL RECOVERY, LLC,

Plaintiff,

v.

X-BODY EQUIPMENT, INC., and JEWELL ATTACHMENTS, LLC.,

Defendants.

_______________________________/

No. 2:12-cv-1004 GEB DAD

ORDER

On March 22, 2013, the parties submitted to the undersigned a proposed stipulated protective order regarding the use of confidential information. However, that proposed stipulated protective order fails to make a showing of a particularized need for protection as to each document or piece of information proposed to be covered by the order, fails to show why the need for protection should be addressed by court order, as opposed to a private agreement between or among parties, and fails to describe the types of documents or information eligible for protection under the order. In this regard, the proposed stipulated protective order simply provides that any producing party may designate any document as "Protected Material," i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." (Proposed Stipulated Protective Order

/////

/////

filed February 1, 2013 (Doc. No. 24) at 1-2.[1])

Rule 26 of the Federal Rules of Civil Procedure provides a mechanism by which the parties may, in appropriate circumstances, propose means of protecting the claimed confidentiality of information in certain documents filed in a specific case. Fed. R. Civ. P. 26(c). Protective orders pursuant to Rule 26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights authorized in Rule 26(b). United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

However, whether or not a protective order is entered in any case is subject to the discretion of the court. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c) confers "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent disclosure of materials for many types of information"). A protective order will not be entered absent a showing of good cause. Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.").

A party's mere desire for a protective order does not constitute good cause to bar the public from access to litigation documents. Rather, the party seeking protection bears the burden of showing specific prejudice or harm, including, with respect to individual documents, particular and specific need for protection. Phillips, 307 F.3d at 1210-11; San Jose Mercury News, Inc. v. U.S. Dist. Court-- Northern Dist. (San Jose), 187 F.3d 1096, 1102-03 (9th Cir. 1999). "If a court finds particularized harm will result from disclosure of information to the

---

[1] The parties filed the proposed stipulated protective order on February 1, 2013, at which time it was entered on the court's docket. However, that order was not submitted to the court for consideration as required until March 22, 2013.

public, then it balances the public and private interests to decide whether a protective order is necessary." Phillips, 307 F.3d at 1211.

Here, the court will not enter a proposed protective order that enables the parties to designate as confidential, without any limitations, any information the producing party wishes to designate as confidential. In this regard, the parties are advised that stipulations and motions for entry of a protective order must (1) show a particularized need for protection as to each individual document or piece of information proposed to be covered by the order, (2) show why the need for protection should be addressed by court order, as opposed to a private agreement between or among parties, and (3) describe the types of documents or information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the types of documents or information. See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket stipulated protective orders "are inherently subject to challenge and modification, as the party resisting disclosure generally has not made a particularized showing of good cause with respect to any individual document"); Local Rule 141.1.

The parties' request for entry of the proposed stipulated protective order will be denied without prejudice to the submission of a stipulated protective order that cures this defect.[2] Accordingly, IT IS HEREBY ORDERED that the parties' February 1, 2013 request for entry of the proposed stipulated protective order (Doc. No. 24) is denied without prejudice.

DATED: March 25, 2013.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DDAD:6
Ddad1\orders.civil\advanced1004.spoden

---

[2] Although the proposed stipulated protective order refers to Local Rule 141, to avoid any further delay or confusion, the parties are advised that the court will not approve a proposed protective order giving blanket authority to the parties to designate documents to be filed under seal. The parties are advised that documents that are the subject of a protective order may be filed under seal only if a sealing order is first obtained. See Local Rule 141.1. A party seeking to obtain a sealing order shall comply with provisions of Local Rule 141. After compliance with Local Rule 141, the court will issue an order granting or denying the request to seal.