GIBSON, DUNN & CRUTCHER LLP
Wayne Barsky, SBN 116731
  wbarsky@gibsondunn.com
Casey J. McCracken, SBN 271202
  cmccracken@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

Attorneys for Plaintiff
ADVANCED STEEL RECOVERY, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ADVANCED STEEL RECOVERY, LLC, | No. 2:12-cv-01004-GEB-DAD |
|---|---|
| Plaintiff, | **STIPULATED PROTECTIVE ORDER AND ORDER** |
| v. | |
| X-BODY EQUIPMENT, INC., and JEWELL ATTACHMENTS, LLC, | |
| Defendants. | |

**STIPULATED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties to this lawsuit have

stipulated and agreed to the terms and entry of, and the Court hereby orders the parties to abide by,

this Protective Order.

The preparation and trial of this action may require the discovery or disclosure of documents,

tangible things, testimony, transcripts, information or other materials claimed by one or more of the

parties to this action or others to be confidential. The parties need to protect their confidential

information (as described and defined more fully below) because the parties directly compete with

each other in the highly competitive bulk material container packing and shipping industry.  Thus, if

certain proprietary or sensitive information is released or used outside of this litigation, the parties

may lose competitive advantages that they have obtained through effort and expense.  Additionally,

in some instances, information may be subject to confidentiality agreements between a party and a

1    non-litigant.

2        The parties further agree that the protections and terms provided herein should be addressed

3    by a court order, as opposed to a private agreement, for purposes of efficient enforcement, if

4    necessary.

5        In order to expedite the flow of discovery materials, facilitate the prompt resolution of

6    disputes over confidentiality, adequately protect material entitled to be kept confidential, and serve

7    the ends of justice, a protective order for such confidential information is prudent and necessary.  The

8    parties acknowledge that this Order does not confer blanket protections on all disclosures or

9    responses to discovery and that the protection it affords from public disclosure and use extends only

10   to the limited information or items that are entitled to confidential treatment under the applicable

11   legal principles as set forth below.  The parties further acknowledge, as set forth below, that each

12   party or third-party that designates material for protection under this Order must take care to limit

13   such designations only to material that the party believes in good faith meets the appropriate

14   standards set forth in this Order.  The parties further acknowledge, as set forth below, that this

15   Stipulated Protective Order does not entitle them to file confidential information under seal; Local

16   Rule 141 sets forth the procedures that must be followed and the standards that will be applied when

17   a party seeks permission from the Court to file material under seal.

18   ***Scope and Definitions***

19       1.      This Protective Order applies to all information, documents, testimony and/or things

20   subject to discovery in this action which contain non-public, confidential information and/or trade

21   secrets designated as Protected Material pursuant to the terms of this Order; as well as any secondary

22   material, such as pleadings, written discovery, expert reports, notes, summaries, or any other

23   materials that contain, describe or reflect such information (collectively referred to herein as

24   "Protected Material").

25       2.      Protected Material may be designated, in accordance with Paragraphs 13 and 14 of

26   this Order, by a Producing Party as:

27

28

Gibson, Dunn &
Crutcher LLP

1    (a)    "CONFIDENTIAL" if it contains information that qualifies for protection

2 under the standards of Federal Rule of Civil Procedure 26(c) and is not readily available to the

3 general public;

4    (b)    "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" if it contains

5 (i) especially sensitive information, the disclosure of which would create a substantial risk of

6 competitive injury to the disclosing party, such as, by way of example only, pricing information,

7 customer lists, business and/or marketing plans or analysis, license agreements and/or trade secrets;

8 (ii) is subject to an express obligation of confidentiality owed by the Producing Party to a third-

9 party; or (iii) is subject to the privacy interest of any individual.

10    3.    As used herein, "Producing Party" shall refer to any party to this action, or to any

11 third-party (whether voluntarily or pursuant to subpoena), who discloses, testifies about, produces

12 or makes available for inspection any Protected Material.

13    4.    "Receiving Party" shall refer to any person who receives Protected Material from a

14 Producing Party.

15 *Permitted Disclosure and Use of Protected Material*

16    5.    Protected Material shall not be distributed, disclosed or made available to anyone

17 except as expressly provided in this Protective Order.

18    6.    Protected Material shall be used solely for this litigation and any related appeals, and

19 shall not be used for any other purpose whatsoever, including without limitation any other litigation,

20 or acquisition, or any business or competitive purpose or function of any kind.

21 *Persons Who May Access Protected Material*

22    7.    "Confidential" Material. Only the following individuals shall have access to

23 materials designated "CONFIDENTIAL," absent the express written consent of the Producing

24 Party or further court order:

25    (a)    Persons authorized to receive "HIGHLY CONFIDENTIAL - ATTORNEYS'

26 EYES ONLY" material as specified in Paragraphs 8(a)-(f) below; and

27    (b)    Up to two (2) corporate representatives of the Receiving Party who is responsi-

28 ble for this action and have complied with Paragraph 11; except that defendants' corporate

Gibson, Dunn &
Crutcher LLP

1   representatives under this paragraph shall not have access to co-defendants' (if any)

2   "CONFIDENTIAL" material.

3          8.      "Highly Confidential - Attorneys' Eyes Only" Material. Only the following

4   individuals shall have access to materials designated "HIGHLY CONFIDENTIAL—ATTORNEYS'

5   EYES ONLY," absent the express written consent of the Producing Party, or as further limited by

6   this order or further court order:

7              (a)     Outside counsel of record for the parties to this action, including any attorneys,

8   paralegals, technology specialists and clerical employees of their respective law firms assisting in the

9   litigation;

10             (b)     Outside experts and consultants of the Receiving Party who have been pre-

11  approved in accordance with Paragraph 10, and their support staff and clerical employees assisting in

12  the litigation;

13             (c)     The Court, its technical advisor (if one is appointed), court personnel, the jury,

14  court reporters and/or videographers who record testimony or other proceedings in this action;

15             (d)     Professional litigation support vendors, including but not limited to copy,

16  graphics, translation, database and/or trial support and/or trial consulting services ("Professional

17  Vendor"), who shall be provided a copy of this Protective Order and execute Exhibit A, and mock

18  jurors hired by trial consultants but only in accordance with Paragraph 12 below; and

19             (e)     While testifying at deposition or trial in this action only: (i) any current or

20  former officer, director or employee of the Producing Party or original source of the information; (ii)

21  any person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the

22  Federal Rules of Civil Procedure; and (iii) any person who authored, previously received or was

23  directly involved in the specific matter(s) addressed in the Protected Material, as evident from its

24  face or reasonably certain in view of other testimony or evidence.  Persons authorized to view

25  Protected Material pursuant to this sub-paragraph (f) shall not retain or be given copies of the

26  Protected Material except while so testifying.

27         9.      In addition to the foregoing, general, high-level summaries of PROTECTED

28  INFORMATION may be provided to appropriate in-house counsel and appropriate corporate

Gibson, Dunn &
Crutcher LLP

1   representatives for the receiving party for the sole purpose of managing and evaluating the case and

2   potential settlement.  Recipients of such general summaries of PROTECTED INFORMATION

3   provided pursuant to this Paragraph shall use the information obtained solely for the foregoing

4   purposes and shall not maintain any electronic or hardcopy copies of any such summaries.

5       10.    In-House Counsel, Party Representatives and Professional Vendors. Any in-house

6   counsel, party representative or Professional Vendor authorized to access "CONFIDENTIAL" or

7   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" material pursuant to Paragraphs 7, 8

8   or 9 of this Order shall read this Protective Order and sign the "Agreement to Be Bound By

9   Protective Order," attached as Exhibit A to this Protective Order, which shall be retained by the

10   signing party's outside counsel of record in this action.

11       11.    Outside Experts or Consultants.

12       (a)    Prior to disclosing Protected Material to any outside experts or

13   consultants, the party seeking to disclose such information shall provide written notice to any

14   party to this action that produced the Protected Material that includes: (i) the name of the

15   person; (ii) the present employer and title of the person; (iii) an up-to-date curriculum vitae;

16   (iv) a list of current and past consulting relationships undertaken within the last four (4) years;

17   and (v) a signed copy of the person's "Agreement to Be Bound By Protective Order," attached

18   as Exhibit A to this Protective Order.

19       (b)    Within five (5) business days of receiving this information, the party who

20   produced Protected Material may object in writing to its disclosure to the proposed expert or

21   consultant for good cause. The objection cannot be unreasonable. In the absence of any objection at

22   the end of the five (5) day period, the expert or consultant shall be deemed approved under this

23   Protective Order.  If an objection is made, the parties shall meet and confer within five (5) business

24   days after the objection and attempt in good faith to resolve the dispute informally. If the dispute is

25   not resolved, the party objecting to the disclosure will have five (5) business days from the date of the

26   meet and confer to seek relief from the Court. If relief is not sought from the Court within that time,

27   the objection shall be deemed withdrawn. If relief is sought, Protected Materials shall not be

28   disclosed to the expert or consultant until the objection is resolved by the Court.

Gibson, Dunn &
Crutcher LLP

5                    STIPULATED PROTECTIVE ORDER

1    12.    Mock Jurors. Mock jurors hired by trial consultants in connection with this litigation

2   may only be told about or shown "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

3   ATTORNEYS' EYES ONLY" materials provided: (1) they are not affiliated with any party to this

4   case or their direct competitor; (2) they agree in writing to be bound by confidentiality; and (3) they

5   are not themselves given custody of any Protected Materials, nor permitted to remove any

6   presentations, questionnaires or notes taken during the exercise from any room in which the research

7   is conducted.

8   *Making and Challenging Designations*

9    13.    Each party or third-party that designates material for protection under this Order must

10   take care to limit such designations only to material that the party believes in good faith meets the

11   appropriate standards set forth in Paragraph 2 of this Order.

12    14.    Designations of Protected Material shall be made in substantially the following

13   manner:

14    (a)    For documents or written discovery. The Producing Party may designate

15   documents or written discovery responses by affixing the following legend "CONFIDENTIAL" or

16   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," on each page that contains Protected

17   Material. Documents made available for inspection need not be designated in advance and shall be

18   treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" until the Producing Party

19   provides copies of documents identified by the inspecting party for production affixed with the

20   appropriate legend.

21    (b)    For depositions or other testimony. Parties or third-parties providing testimony

22   may designate depositions, or portions of depositions, as Protected Material by indicating the

23   appropriate designation on the record before the close of the deposition, hearing or other proceeding,.

24   or by notifying the court reporter and all counsel in writing of the appropriate designation within

25   fourteen (14) business days after conclusion of the deposition, during which fourteen (14) day period

26   the deposition transcript shall be treated as "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

27   ONLY." The party making the designation shall make arrangements with the court reporter to label

28

Gibson, Dunn &
Crutcher LLP

STIPULATED PROTECTIVE ORDER

1    the relevant pages with the appropriate designation. Video or DVD versions of the depositions will

2    automatically have the same designation as the transcript.

3              (c)       For tangible things and other information. A Producing Party shall affix the

4    appropriate legend prominently on any tangible thing or media, or on the exterior of any case or

5    container in which the information or item is stored. If the Receiving Party prints an item from an

6    electronic medium, the Receiving Party must immediately mark any unmarked pages of the printed

7    version with the designation of the media. A Producing Party may designate any other Protected

8    Material not in documentary, tangible or physical form by informing the Receiving Party of the

9    designation in writing at or before the time of production or inspection.

10         15.     Inadvertent failure to designate documents, testimony or things as Protected Materials

11   does not waive the Producing Party's right to secure the protections of this Protective Order. The

12   Producing Party must notify the Receiving Party in writing of the inadvertent failure to designate

13   promptly upon its discovery and take whatever steps are necessary to replace the documents with

14   documents containing the appropriate legends or otherwise designate the materials as set forth above.

15   The Receiving Party shall not be held in violation of this Order for any otherwise permissible disclo-

16   sures made before receipt of such notice. Upon receiving the written notice, the Receiving Party must

17   promptly make all reasonable efforts to ensure that the material is treated in accordance with the

18   corrected designation, including seeking the retrieval or destruction of any copies distributed to

19   unauthorized individuals and destroying copies of documents that have been replaced with

20   documents containing the proper designation.

21         16.     At any time in these proceedings following the production or designation of material

22   as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," a

23   Receiving Party may challenge the propriety of such designation by providing the Producing Party

24   written notice particularly identifying the documents or information that the Receiving Party

25   contends should be differently designated. The parties shall meet and confer in an attempt to resolve

26   promptly and informally any such disputes. If agreement cannot be reached, the Receiving Party may

27   request in accordance with the Court's rules governing discovery disputes that the Court cancel or

28   modify the designation.

Gibson, Dunn &
Crutcher LLP

7                          STIPULATED PROTECTIVE ORDER

17.    Information does not qualify for protection under this Order and none of its provisions apply to material that: (a) is available to the general public at the time of its production, or becomes available to the general public after its production through no fault of the Receiving Party; (b) was independently and legally obtained by the Receiving Party from any other person or party having no obligation of confidentiality and the right to make such disclosure; or (c) was previously produced, disclosed or provided by the Producing Party to the Receiving Party without an obligation of confidentiality, except for materials covered under Paragraph 16 above.

***Inadvertent Production of Privileged Documents***

18.    The inadvertent production of document(s) or other material subject to the attorney-client privilege, work product doctrine or any other privilege or immunity does not constitute a waiver. Promptly upon learning of the inadvertent disclosure, however, the Producing Party must notify the Receiving Party of the inadvertent production and request return of the documents. The Receiving Party must promptly return or confirm destruction of all copies of such materials within five business days; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents.

***Filing Protected Material With the Court***

19.    Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  A party that seeks to file such Protected Material must move the Court to file such Protected Material under seal in accordance with Local Civil Rule 141.  Notwithstanding the foregoing, if the Court denies a request to seal Protected Material because it deems the information does not meet applicable legal standards for sealing, nothing in this Order shall prevent a party from filing such Protected Material in the public record.  For avoidance of doubt, nothing in this Order creates an entitlement to file Protected Material under seal; a party seeking to file documents under seal must seek permission to do so pursuant to Local Civil Rule 141.

Gibson, Dunn & Crutcher LLP

8                    STIPULATED PROTECTIVE ORDER

*Use Of This Protective Order by Third-Parties*

20.     A third-party, not a party to this action, who produces documents, testimony or other information, voluntarily or pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Protective Order as any party to this lawsuit.

21.     A third-party's use of this Protective Order does not entitle that third-party access to any Protected Material produced by any party in this case.

*Additional Protection*

22.     This Protective Order is entered without prejudice to the right of any party to seek different or additional protections if it believes the protections of this order are not applicable or are inadequate. Nothing herein shall be deemed to preclude any Producing Party from seeking such different or additional protection, including that certain matter not be produced at all.

*No Waiver*

23.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

*No Limitations on Party's Own Protected Materials*

24.     Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Material.

*Subpoena of Protected Material*

25.     If any Receiving Party receives a subpoena or other legal process commanding the production of any Protected Material, that party shall assert this Protective Order in the first instance and promptly give written notice thereof to the Producing Party (or their counsel of record in this case), who shall have the burden of seeking a court order relieving the subpoenaed party of the obligations pursuant to the subpoena. The Receiving Party shall not produce any Protected Material without either an order of a court of competent jurisdiction or the express written consent of the Producing Party.

Gibson, Dunn &
Crutcher LLP

STIPULATED PROTECTIVE ORDER

*Unauthorized Access*

26.    Counsel for the Receiving Party shall promptly notify the Producing Party upon becoming aware of any loss, theft and/or unauthorized copying or disclosure of Protected Material, and shall take all steps reasonably necessary and available to retrieve such Protected Material and prevent any further unauthorized access or dissemination.

*Disposition of Protected Materials*

27.    Unless otherwise ordered or agreed, within sixty (60) days after the settlement or final termination of this action, each Receiving Party shall, at its option, return or destroy all Protected Material, including all notes, abstracts, compilations, summaries or any other form of reproducing or capturing of any Protected Material. Outside counsel for each party shall remind any experts, consultants and others as appropriate of their obligation to destroy or return Protected Materials. The Receiving Party shall submit a written certification by the sixty (60) day deadline confirming that all Protected Material has been destroyed (or handled as otherwise ordered or agreed) and which affirms that the Receiving Party has not retained any paper or electronic copies. Notwithstanding this provision, outside counsel of record are entitled to retain an archival copy of all pleadings, motion papers, briefs, exhibits, transcripts, written discovery, expert reports, legal memoranda, attorney work product and correspondence, even if such materials contain or reflect Protected Material. Any such archival copies remain subject to the terms of this Protective Order.

*Survival of Order*

28.    The terms of this Protective Order shall survive and remain in effect after the termination of the above-captioned matter.

*Binding Effect*

29.    This Protective Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

*Amendment*

Gibson, Dunn &
Crutcher LLP

1    30.    This Protective Order may be modified by agreement of the parties, subject to

2 approval by the Court. Additionally, this Order is without prejudice to any party's right to move the

3 Court to amend the Protective Order for good cause shown.

4        The Court may modify the terms and conditions of this Order for good cause, or in the interest

5 of justice, or on its own order at any time in these proceedings. The parties prefer that the Court

6 provide them with notice of the Court's intent to modify the Order and the content of those modifica-

7 tions, prior to entry of such an order.

8 Respectfully submitted: May 15, 2012

9                                        WAYNE BARSKY
10                                       CASEY J. MCCRACKEN
                                         GIBSON, DUNN & CRUTCHER LLP
11

12                                       By:    /s/ Casey McCracken
                                                Casey J. McCracken
13
                                         Attorneys for Plaintiff
14                                       ADVANCED STEEL RECOVERY, LLC

15

16                                       SEDGWICK LLP

17                                       By: /s/ Robert Harkins
                                             Robert Harkins
18
                                         Attorneys for Defendants X-BODY EQUIPMENT,
19                                       INC. and JEWELL ATTACHMENTS, LLC

20

21

22                                       **ORDER**

23        Pursuant to the parties' stipulation, IT IS SO ORDERED.

24 Dated:  August 27, 2013

25

26                                       DALE A. DROZD
                                         UNITED STATES MAGISTRATE JUDGE
27 Ddad1\orders.civil\advancedsteel1004.stip.prot.ord.doc

28

Gibson, Dunn &
Crutcher LLP

                                         11              STIPULATED PROTECTIVE ORDER

EXHIBIT A

AGREEMENT TO BE BOUND

BY PROTECTIVE ORDER

1.      I, _____ [print or type full name], have received a copy of the Protective Order entered in the case of *Advanced Steel Recovery, LLC v. X-Body Equipment, Inc. et al.*, Civil Action No. 2:12-cv-01004-GEB-DAD and have read this Protective Order.

2.      I agree to be bound by the terms of the Protective Order.

3.      I understand that I will be receiving non-public, confidential materials and information protected pursuant to the terms of the Protective Order.

4.      I agree that I will not use or disclose any such Protected Material except in strict compliance with the provisions of the Protective Order, and will take all reasonable precautions to prevent any unauthorized use or disclosure of any Protected Material in my possession or control.

5.      At the final conclusion of the case, I will return or destroy, as directed, any Protected Material received and any notes or other documents reflecting such Protective Material.

6.      I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order in this case and waive any objections to jurisdiction or venue.

7.      I understand that failure to comply with this Protective Order could result in sanctions or other consequences.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____

Printed Name: _____

_____

Gibson, Dunn &
Crutcher LLP

12                                  STIPULATED PROTECTIVE ORDER