UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC, | No. 2:12-cv-1004-GEB-DAD |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| X-BODY EQUIPMENT, INC. and JEWELL ATTACHMENTS, LLC, | |
| Defendants. | |

AND RELATED COUNTERCLAIMS

Defendants move under Federal Rule of Civil Procedure ("Rule") 56 for summary judgment, or in the alternative, partial summary judgment, on each of Plaintiff's infringement claims concerning U.S. Patent No. 8,061,950 ("the '950 patent"). Defendants also move for summary judgment on their counterclaim in which they seek a declaration of non-infringement of U.S. Patent No. 7,744,330 ("the '330 patent"). Plaintiff opposes the motions.

**I. LEGAL STANDARD**

A party seeking summary judgment under Rule 56 bears the initial burden of demonstrating the absence of a genuine

1

issue of material fact for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A fact is 'material' when, under the governing substantive law, it could affect the outcome of the case." Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). An issue of material fact is "genuine" when "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

If the movant satisfies its "initial burden," "the nonmoving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (quoting former Fed. R. Civ. P. 56(e)). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of material in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Summary judgment "evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." Sec. & Exch. Comm'n v. Todd, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing Johnson v. Paradise Valley Unified Sch. Dist., 251 F.3d 1222, 1227 (9th Cir. 2001)).

Further, Local Rule 260(b) prescribes:

> Any party opposing a motion for summary

2

> judgment or summary adjudication [must] reproduce the itemized facts in the [moving party's] Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial.

If the nonmovant does not "specifically . . . [controvert duly supported] facts identified in the [movant's] statement of undisputed facts," the nonmovant "is deemed to have admitted the validity of the facts contained in the [movant's] statement." Beard v. Banks, 548 U.S. 521, 527 (2006).

> Because a district court has no independent duty "to scour the record in search of a genuine issue of triable fact," and may "rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment," . . . the district court . . . [is] under no obligation to undertake a cumbersome review of the record on the [nonmoving party's] behalf.

Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (quoting Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)); see also Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials, but it may consider other materials in the record.").

## II. UNCONTROVERTED FACTS

The following facts are uncontroverted in the summary judgment record. Claim 1 in the '950 patent, upon which all other claims except claim 9 in the '950 patent depend, discloses a

> container packer system, which comprises[, inter alia]:
>
> a transfer base including proximate and distal ends and a container packer guide;

3

>       a container packer including a proximate end, a distal end with an opening, opposite sidewalls, a floor and an interior;
>
>       said container packer being movable longitudinally along said container packer guide between a retracted position on said transfer base and an extended position extending at least partially from said transfer base distal end;
>
>       a container packer drive connected to said transfer base and said container packer and adapted for moving said container packer between its extended and retracted positions; [and]
>
>       . . . .
>
>       said container packer drive comprising a container packer piston-and-cylinder unit connected to said transfer base proximate end and said container packer proximate end . . . .

(Compl. Ex. A, '950 Patent col. 4:62-5:8, 5:24-26, , ECF No. 1-1.) Claim 9 in the '950 patent also discloses: "said container packer drive compris[es] a container packer piston-and-cylinder unit connected to said transfer base proximate end." ('950 Patent col. 6:34-37.)

The '950 patent is a "continuation of . . . [the '330 patent." ('950 patent p. 1.). The sole independent claim in the '330 patent also discloses: "said container packer drive compris[es] a container packer piston-and-cylinder unit connected to said transfer base proximate end." (Def. X-Body Equipment, LLC's Answer to Compl. & Countercls. Ex. B, '330 Patent col. 5:21-23, ECF No. 7.)

"Plaintiff . . . did not accuse the Acculoader of infringement of the '330 patent in this case and did not identify any claim of the '330 patent as infringed in response to an

4

interrogatory asking for a list of all allegedly infringed claims." (Pl.'s Resp. to Defs.' Stat. of Undisputed Facts ("Pl.'s Resp.") ¶ 9, ECF No. 65.)

The figures below depict "exemplary embodiments" of the '950 and '330 patent inventions. ('950 Patent col. 2:18; '330 Patent col. 2:9.) Figure 1 "is a side elevational view of a container packer system . . . in a retracted position on a transfer base," and Figure 2 "is a side elevational view thereof, shown with the container packer extended partly into [a] transport container." ('950 Patent col. 2:20-25; '330 Patent col. 2:11-16.) Reference number 4 designates the transfer base, reference number 6 designates the container packer, and reference number 30 designates the container packer piston-and-cylinder unit, which is shown connected to the transfer base proximate end at reference number 26 and to the container packer proximate end at reference number 32. ('950 Patent col. 3:28-33; '330 Patent col. 3:21-25.)


FIG. 1


FIG. 2

('950 Patent p. 2-3; '330 Patent p. 2-3.)

The figures below depict Defendants' accused Acculoader product. Figure 3 is a side view of the product, and Figure 4 is a view from beneath the product. Reference number 1 designates the container packer,[1] reference number 2 designates the

---

[1] Defendants call this part of the Acculoader a "load sled." However, Plaintiff identified this item as a "container packer." (See Decl. of Robert

container packer piston-and-cylinder unit, reference number 3 designates the proximate-end of the sidewalls of the container packer, and reference number 4 designates the distal end of the sidewalls of the container packer. "The piston-and-cylinder unit[] that move[s] the [container packer] of the Acculoader [is] attached to the bottom of the [container packer]"[2] as depicted by reference number 5 in the figures below. (Pl.'s Resp. ¶ 5.)



FIG. 3

FIG. 4

(Decl. of Ronald Dennis in Supp. of Defs.' Mot. ("Dennis Decl.") Ex. 1, Acculoader Design Drawings, ECF No. 56-5.)[3]

---

Hawkins in Supp. of Defs.' Mot. Ex. 3, Ex. 1, p. 2 (ECF pagination, p. 49), ECF No. 56-3.) For consistency, this part of the Acculoader is referenced as the "container packer."

[2] Plaintiff asserts that this statement is disputed but has not specifically controverted it and therefore "is deemed to have admitted the validity of the facts contained" therein. Banks, 548 U.S. at 527.

[3] Plaintiff objects to consideration of the following paragraph from Mr. Dennis's declaration, on the grounds that it lacks foundation, is "not the best evidence," and is hearsay: "Attached as Exhibit 1 hereto is a true and correct copy of design drawings for the Acculoader. The drawing accurately depicts the design used by [Defendant] Jewell to manufacture the Acculoader as

"The piston-and-cylinder unit[] that move[s] the [container packer] of the Acculoader, when fully retracted, measure[s] 238 inches long."[4] (Pl.'s Resp. ¶ 4.) The distance from the proximate end of the sidewalls (depicted at reference number 3 above) to the distal end of the sidewalls (depicted at reference number 4 above) is 468.25 inches. The attachment point between the container packer piston-and-cylinder unit and the container packer is 164.81 inches from the proximate end of the sidewalls of the container packer, or 35.2% down the length of the container packer from the proximate end of the sidewalls to the distal end of the sidewalls. (Acculoader Design Drawings.)

### III. DISCUSSION

#### A. '950 Patent

##### 1. Literal Infringement of '950 Patent

Defendants argue their non-infringement motion concerning all claims in the '950 patent should be granted since "the piston-and-cylinder[] for the [container packer] [of the Acculoader] [is] not connected to the proximate <u>end</u> of the

---

well as the actual dimensions of the shown part of the Acculoader." (Pl.'s Evidentiary Objections, 9:13-19, ECF No. 64.) Plaintiff's lack of foundation objection is unfounded since Mr. Dennis explains in paragraph 2 of his declaration that "[as] a Design Engineer, [he] was directly involved in the development of design drawings from the Acculoader," and thus provides foundation for his averment that the "drawing[s] accurately depict[] the design used . . . as well as the actual dimensions of the . . . Acculoader." (Dennis Decl. ¶¶ 2-3.) See Barthelemy v. Air Lines Pilots Ass'n, 897 F.2d 999, 1017 (9th Cir. 1990) ("[P]ersonal knowledge . . . [can be] reasonably inferred from [a declarant's] position[] and the nature of [his] participation in the matters to which [he] swore . . . ."). Review of the declaration testimony reveals that Plaintiff's other objections are also unfounded. Therefore, Plaintiff's objections are overruled.

[4] Plaintiff argues that this statement is disputed but has not specifically controverted it with any facts and therefore "is deemed to have admitted the validity of the facts contained" therein. Banks, 548 U.S. at 527; see T.W. Elec. Serv, 809 F.2d at 630 ("If the movant satisfies its initial burden . . . the nonmoving party must set forth . . . 'specific facts showing that there is a genuine issue for trial.'" (quoting former Fed. R. Civ. P. 56(e)).

7

1 [container packer] at all," which the two independent claims of
2 the '950 patent (claims 1 and 9) require, but instead is
3 connected "at a point on the bottom of the container packer far
4 from the proximate end." (Defs.' Mot. 7:15-16, 9:26-27, ECF No.
5 56 (emphasis added).) Plaintiff counters:

> The term "proximate end" . . . should simply mean the back half to the container packer . . . . Thus, the claim element that reads, "said container packer drive comprising a piston-and-cylinder unit connected to . . . said container packer proximate end" means the piston-and-cylinder is connected at the back half of the container packer (i.e., the end opposite the transport container).
>
> . . . .
>
> The Acculoader therefore literally infringes both claims 1 and 9 [in the '950 patent].

(Pl.'s Opp'n 11:7-11, ECF No. 62 (emphasis added).)

Claims 1 and 9 in the '950 patent require that the described invention include a "container packer drive comprising a container packer piston-and-cylinder unit connected to said transfer base proximate end and said container packer proximate end." ('950 Patent, col. 5:24-26, 6:33-37 (emphasis added).)

"We give claim terms their plain and ordinary meaning unless the patentee acted as its own lexicographer or there was a disavowal of claim scope." Braintree Labs., Inc. v. Novel Labs., Inc., 749 F.3d 1349, 1365 (Fed. Cir. 2014). Here, Plaintiff has not shown that the patent itself contemplates a particular definition of the term "proximate end." Further, Plaintiff "waived any argument with respect to [the] term ['proximate end'] by failing to raise it during the claim construction phrase." Cent. Admixture Pharm. Servs., Inc. v. Advanced Cardiac

8

Solutions, P.C., 482 F.3d 1347, 1356 (Fed. Cir. 2007). Therefore, the plain and ordinary meaning of the term "proximate end" applies.

"[I]t is entirely appropriate for the district court to look to dictionaries . . . for context—to aid in arriving at the plain meaning of a claim term." Helmsderfer v. Bobrick Washroom Equip., Inc., 527 F.3d 1379, 1382 (Fed. Cir. 2008). Webster's Third New International Dictionary defines the term "end" as "the extreme or last part lengthwise" and provides, inter alia, these examples: the "[end] of a rope" and "the rear [end] of an automobile." Webster's Third New International Dictionary 747, definition 1(c)(2) (1986). Therefore, the plain and ordinary meaning of "proximate end" does not include Plaintiff's proffered definition of "back half." (Pl.'s Opp'n 11:11.)

The container packer piston-and-cylinder unit is connected to the Acculoader container packer 164.81 inches from the proximate end of the sidewalls of the container packer or 35.2% down the length of the sidewalls. (Acculoader Design Drawings.) This connection point is not at the proximate end. Therefore, Plaintiff has shown that the Acculoader does not literally infringe the '950 patent.

### 2. Infringement of '950 Patent by Doctrine of Equivalents

Plaintiff argues:

> [I]f the element "said container packer drive comprising a piston-and-cylinder unit connected to . . . said container packer proximate end" is not literally present in the Acculoader, . . . the Acculoader has an

9

> equivalent. Any difference between *where* the packer [piston-and-]cylinder of the accused Acculoader connects to Defendants' container packer . . . and where the packer [piston-and-]cylinder of claims 1 and 9 connects to the container packer . . . is insubstantial.

(Pl.'s Opp'n 13:1-6.) Defendants counter that the Acculoader cannot infringe the '950 patent under the doctrine of equivalents since "allowing the doctrine of equivalents to encompass attachment at some other location entirely would improperly vitiate the point of attachment requirement." (Defs.' Reply 7:19-21, ECF No. 67.)

"Under [the] doctrine [of equivalents], a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997). "[E]quivalence [must] be assessed on an limitation-by-limitation basis, as opposed to from the perspective of the invention as a whole." Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1358 (Fed. Cir. 2005). Further, "[t]he doctrine of equivalents cannot be used to erase 'meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement.'" Conopco, Inc. v. May Dep't Stores Co., 46 F.3d 1556, 1562 (Fed. Cir. 1994) (quoting Pennwalt Corp. v. Durand-Wayland, Inc., 833 F.2d 931, 935 (Fed. Cir. 1987) (en banc)).

The claim element at issue is the following: a "container packer drive comprising a container packer piston-and-

cylinder unit <u>connected to</u> said transfer base proximate end and said <u>container packer proximate end</u>." ('950 Patent, col. 5:24-26, 6:33-37 (emphasis added).) The limitation described therein is a connection between two particular places, one of which is the "container packer proximate end." Id. The limitation is, in essence, locational.

The Acculoader is connected at a different location: a point closer to the middle of the container packer sidewalls than the proximate end of those sidewalls. No reasonable jury could find this connection point to be equivalent to the "container packer proximate end." Id.; see <u>Sage Prods., Inc. v. Devon Indus., Inc.</u>, 126 F.3d 1420, 1422-26 (Fed. Cir. 1997) (holding that a slot in a medical waste disposal container near the top but within the container body could not be equivalent to a "slot at the top of the container body" as disclosed in the patent); <u>see also</u> <u>Ethicon Endo-Surgery, Inc. v. U.S. Surgical Corp.</u>, 149 F.3d 1309, 1318-19 (Fed. Cir. 1998) (holding that "no reasonable jury could [] f[i]nd" infringement by the doctrine of equivalents where claim limitations "tie[] [patented product structures] to [] specific place[s]," and the accused product's analogous structures were "not even close" to those places). Therefore, Defendants are entitled to prevail on their non-infringement summary judgment motion on all claims in the '950 patent.

### 3. Plaintiff's 56(d) Request

However, Plaintiff requests that "if the present record does not support denial of [Plaintiff's motion for] summary judgment," on all claims in the '950 patent, "the Court [should] postpone a decision on this motion [under Rule 56(d)] until . . .

further discovery is taken." (Pl.'s Opp'n 4:4-6.) Specifically, Plaintiff's counsel avers:

> [E]xpert discovery has yet to take place. . . . [Plaintiff] expects its expert(s) to explain how any limitations that may not be met literally are met under the doctrine of equivalents.
>
> . . . .
>
> [Plaintiff] has not been given an opportunity during this litigation, particularly with an expert present, to conduct a detailed inspection of the Acculoader. . . . Permitting [Plaintiff] a pre-ruling inspection of the Acculoader, with a technical expert, would allow [Plaintiff] to assess the veracity of Defendants' alleged undisputed facts [concerning the design of the Acculoader], the untested averments in Defendants' declarations, as well as the substantiality, or lack thereof, of any difference in design between the Acculoader and the claims of the '950 [p]atent.

(Rule 56(d) Decl. of Mark D. Nielsen ¶¶ 8, 24, ECF No. 62-5.)

Defendants counter that the 56(d) request should be denied since Plaintiffs' "Rule 56(d) declaration never states that [Plaintiff] has any basis for disputing the main position of the piston-and-cylinder." (Defs.' Reply 19:3-4.)

Rule 56(d) prescribes: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it."

"To prevail under . . . Rule [56(d)], [a] part[y] opposing a motion for summary judgment must make '(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'" Emp'rs Teamsters Local Nos.

12

175 & 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986)). "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Id. at 1129-30 (quoting Chance v. Pac-Tel Teletrac, Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001)).

Here, Defendant has not proffered sufficient facts showing that expert discovery would demonstrate the Acculoader's container packer piston-and-cylinder unit is connected to the container packer at a location that is equivalent to the proximate end of the container packer. Therefore, Defendant has not shown that expert discovery "would . . . prevent summary judgment." Clorox, 353 F.3d at 1129-30. Further, Plaintiff has not shown "there is some basis for believing" that an inspection of the Acculoader would reveal a difference in the design of the Acculoader from the design described in Defendants' evidence. Id. at 1129. Therefore, Plaintiff's request for a postponement under Rule 56(d) is denied.

### B. '330 Patent

Defendants argue they are entitled to summary judgment on their declaratory judgment claim of non-infringement of the '330 patent since "[t]he '330 patent has only one independent claim," which, like the '950 patent, "requires 'said container packer drive comprising a container packer piston-and-cylinder unit [be] connected to said transfer base proximate end and said container packer proximate end.'" (Defs.' Mot. 15:22-24 (quoting

13

'330 Patent col. 5:21-23.) Plaintiff counters: "Defendants' declaratory relief claims directed to the '330 [p]atent should be dismissed for lack of subject matter jurisdiction. . . . Here, as Defendants admit in their Statement of Undisputed Facts, [Plaintiff] did not accuse, and has not accused, the Acculoader of infringing the '330 [p]atent." (Pl.'s Opp'n 15:20-21, 16:2-3.)

"The threshold question for declaratory judgment jurisdiction is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Microsoft Corp. v. Datatern, Inc., Nos. 2013-1184 & 2013-1185, 2014 WL 1760882, at *2 (Fed. Cir. May 5, 2014) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S.Ct. 764, 166 L.Ed.2d 604 (2007)). "[R]elated litigation involving the same technology and the same parties is relevant in determining whether a justiciable declaratory judgment controversy exists on other related patents." Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1344 (9th Cir. 2007).

Here, the '950 patent is part of the same patent family as the '330 patent since it is continuation of the '330 patent application. Further, the '950 and '330 patents contains several identical claim elements, including the limitation that "said container packer drive compris[es] a container packer piston-and-cylinder unit connected to said transfer base proximate end and said container packer proximate end." ('950 patent col. 5:24-26; '330 patent col. 5:21-23.) Therefore, subject-matter jurisdiction

exists over Defendants' counterclaim. See Seaboard. Int'l, Inc. v. Cameron Int'l Corp., No. 1:13-cv-281-MLH-SKO, 2013 WL 3936889, at *9 (E.D. Cal. July 30, 2013) (holding that subject-matter jurisdiction existed over a declaratory judgment counterclaim where the asserted patents and counterclaim patents, which plaintiff had "never asserted or demanded royalties for," "contain[ed] claims that [were] nearly identical," and the patents were "part of the same patent family as they [were] all derived from applications related to [a] parent application").

Since the '330 patent's sole independent claim contains the same limitation as the '950 patent concerning connection between the container packer piston-and-cylinder unit and the container packer proximate end, Defendants are entitled to summary judgment on their declaratory judgment claim of non-infringement of the '330 patent for the same reasons discussed above in sections III.A.1 & III.A.2 of this order.

### IV. CONCLUSION

For the stated reasons, Defendants' motion for summary judgment is granted.

Dated: August 8, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge