UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADVANCED STEEL RECOVERY, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>X-BODY EQUIPMENT, INC. and<br>JEWELL ATTACHMENTS, LLC,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS | No. 2:12-cv-01004-GEB-DAD<br><br>**ORDER DENYING DEFENDANTS'<br>REQUEST TO SEAL DOCUMENTS AND<br>REDACT INFORMATION** |

On September 8, 2014, Defendants submitted for in camera consideration a "Request to Seal Documents and Redact Information in Connection with [Their] Motion for Attorney's Fees," a proposed sealing order, and the documents sought to be sealed or redacted.

The documents sought to be sealed comprise Defendants' attorneys' billing statements for services rendered in this case and settlement communications between the parties. (Defs.' Sealing Req. 1:1-10.) Defendants also seek to redact from their attorney's fees motion and supporting documents the "rates billed

1

1 by Defendants' attorneys" and "settlement terms proposed by the
2 parties." (Id. at 1:11-17.)
3       Defendants argue: "[s]ince the[ billing] statements
4 were correspondence between Defendants and their attorneys, they
5 fall squarely within the attorney client privilege. They were
6 also attorney work product containing not only the hours, rates,
7 and fees incurred, but descriptions of the matters and tasks
8 performed by each attorney." (Id. at 3:4-7.) Defendants also
9 argue "the parties' settlement [communications] qualify as
10 'confidential commercial information' that is protected from
11 disclosure[,]" and "the parties would [be put] at a severe
12 disadvantage in future settlement negotiations if the terms of
13 their settlement discussions were available to competitors in the
14 marketplace." (Id. at 3:24-25, 4:2-4.) Lastly, Defendants contend
15 "[t]he rates charged by Defendants' attorneys are trade secret
16 information, the disclosure of which would likely harm Defendants
17 and their attorneys in their future negotiations of similar
18 engagements." (Id. at 4:7-9.)
19       Defendants' sealing request fails to comply with Local
20 Rule 141(b), which prescribes in relevant part:

21
22
> If a party seeks to seal documents, the party shall [file] . . . a "Notice of Request to Seal Documents[,]" . . .

23
24
25
26
27
> The Notice shall describe generally the documents sought to be sealed, the basis for sealing, the manner in which the "Request to Seal Documents," proposed order, and the documents themselves were submitted to the Court, and whether the Request, proposed order, and documents were served on all other parties.

28

2

1  Defendants did not file a Notice of Request to Seal Documents on
2  the public docket in connection with their sealing request.
3  　　　　Further, Defendants neither discuss the applicable
4  sealing standard in their Request to Seal Documents, nor
5  demonstrate that it has been met. "Two standards generally govern
6  motions to seal documents . . . ." Pintos v. Pac. Creditors
7  Ass'n, 605 F.3d 665, 677 (9th Cir. 2010). "[T]he resolution of a
8  dispute on the merits, whether by trial or summary judgment, is
9  at the heart of the interest in ensuring the 'public's
10 understanding of the judicial process and of significant public
11 events.'" Kamakana v. City and Cnty. of Honolulu, 447 F.3d 1172,
12 1179 (9th Cir. 2006) (quoting Valley Broad. Co. v. U.S. Dist.
13 Ct., 798 F.2d 1289, 1295 (9th Cir. 1986)). "Accordingly, a party
14 seeking to seal a judicial record attached to a dispositive
15 motion or one that is presented at trial must articulate
16 'compelling reasons' in favor of sealing." Williams v. U.S. Bank
17 Ass'n, 290 F.R.D. 600, 604 (E.D. Cal. 2013) (quoting Kamkana, 447
18 F.3d at 1178). Conversely, "a party seeking to seal a document
19 attached to a non-dispositive motion need only demonstrate 'good
20 cause' to justify sealing." Id. (citing Pintos, 605 F.3d at 678).
21 　　　　"Even under the 'good cause' standard . . . , however,
22 a party must make a 'particularized showing' with respect to any
23 individual document in order to justify [its] sealing . . . ."
24 Ferrington v. McAfee, Inc., No. 10-CV-01455-LHK, 2013 WL 3814474,
25 at *1 (N.D. Cal. July 22, 2013) (quoting Kamakana, 447 F.3d at
26 1180); accord Muench Photography v. Pearson Edu., Inc., No. 3:12-
27 cv-01927, 2013 WL 6698465, at *1 (N.D. Cal. Dec. 18, 2013).
28 "Broad allegations of harm, unsubstantiated by specific examples

1  or articulated reasoning," are insufficient. Ferrington, 2013 WL
2  3814474, at *1 (quoting Beckman Indus., Inc. v. Int'l Ins. Co.,
3  966 F.2d 470, 476 (9th Cir. 1992)) (internal quotation marks
4  omitted). "[A] party that offers 'tepid and general
5  justifications' necessarily 'fail[s] to demonstrate any specific
6  prejudice or harm." Muench Photography, 2013 WL 6698465, at *1
7  (quoting Kamakana, 447 F.3d at 1186).

8  　　　　　Here, Defendants "ha[ve] not articulated a sufficient
9  basis, under either the good cause standard or the compelling
10 reason standard, for sealing" and/or redacting the subject
11 documents/information. Ferrington, 2013 WL 3814474, at *2
12 (denying request to seal attorney billing records); see also
13 Muench Photography, 2013 WL 6698465, at *1 ("Billing rates for
14 legal services . . . are not entitled to be sealed.").
15 Defendants' conclusory arguments why the documents should be
16 sealed and information redacted do not satisfy the "particular
17 showing" required. For example, Defendants argue they would be
18 prejudiced in future settlement negotiations if their settlement
19 communications with Plaintiff were made public without providing
20 any "specific examples or articulated reasoning" to support that
21 conclusory argument. Ferrington, 2013 WL 3814474, at *1.

22 　　　　　For the stated reasons, Defendants' sealing request is
23 DENIED. Since Local Rule 141(e)(1) prescribes that if a sealing
24 "[r]equest is denied in full or in part, the Clerk will return to
25 the submitting party the documents for which sealing has been
26 denied," the documents emailed to the courtroom deputy clerk for
27 judicial in camera consideration are treated as having been
28 returned to the moving parties. United States v. Baez-Alcaino,

718 F. Supp. 1503, 1507 (M.D. Fla. 1989) (indicating that when a judge denies a sealing request the party submitting the request then decides how to proceed in light of the ruling).

Dated:  September 18, 2014

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　GARLAND E. BURRELL, JR.
　　　　　　　　　　　　　　　　Senior United States District Judge